# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00026-CR

**Jebediah Clint Turner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE CRIMINAL DISTRICT COURT OF DALLAS COUNTY
### NO. F-0201447-LH, HONORABLE JANICE L. WARDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jebediah Clint Turner guilty of capital murder. *See* Tex. Pen. Code Ann. § 19.03 (West Supp. 2004). The State did not seek the death penalty and the court sentenced appellant to life imprisonment. *See id*. § 12.31(a) (West 2003); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 2004). In his only point of error, appellant contends that the court erred by admitting an autopsy photograph. We overrule this point and affirm the conviction.

Appellant killed the deceased by hitting him repeatedly on the head with a hammer. Dr. Sheila Spotswood, the medical examiner who performed the autopsy, testified that she found seventeen lacerations on the deceased's head that had been made by a blunt instrument such as a hammer. Twenty-one photographs taken during the autopsy were admitted in evidence. Fourteen of these photographs show the external wounds to the head. Four others show the skull and its injuries with the skin reflected. The last three photographs were taken after the top of the skull was

opened and the brain was removed. Two of these photographs show the top of the skull and its injuries from the outside and inside. The remaining photograph, exhibit 75, shows the floor of the cranial cavity and a hinge fracture. Spotswood testified that such fractures are not common and require a great deal of force.

Exhibit 75 is the only photograph in issue. Appellant argues that whatever probative value this photograph may have had was substantially outweighed by the danger of unfair prejudice arising from the gruesome nature of the photograph. *See* Tex. R. Evid. 403.

Appellant does not deny the relevance of Spotswood's testimony regarding the nature of the injuries and the cause of death. The use of autopsy photographs to illustrate the testimony of medical examiners has been consistently approved. *See Rayford v. State*, 125 S.W.3d 521, 529-31 (Tex. Crim. App. 2003) (photographs of head, brain, and internal structures of neck); *Salazar v. State*, 38 S.W.3d 141, 150-53 (Tex. Crim. App. 2001) (photographs of brain, lungs, and heart after removal from body). The photograph in question here, while not pleasant to view, is not particularly gruesome. It shows only a close-up view of the cranial cavity; no other part of the deceased's body is shown. Although the photograph obviously depicts alterations of the body due to the autopsy process, these alterations were fully explained to the jury as necessary to a thorough examination of the injuries. *See Rayford*, 125 S.W.3d at 530. It is the only photograph depicting the hinge fracture. We hold that the court did not abuse its discretion by admitting exhibit 75 in evidence. *See Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999) (admission of photographic evidence committed to discretion of trial court).

2

The point of error is overruled and the judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 31, 2004

Do Not Publish